**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN PEDRO FLORES SERRANO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1405-SLP |

**O R D E R**

Petitioner, Juan Pedro Flores Serrano, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 16] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. The Respondents have filed an Objection [Doc. No. 17], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on November 20, 2024, near Nogales, Arizona. That same day, Petitioner was placed by United States Immigration

and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear. Petitioner was subsequently released from custody and placed on parole.

On September 29, 2025, Petitioner was arrested during a vehicle inspection conducted by Oklahoma Highway Patrol (OHP). ICE directed OHP to detain him at a local jail as ICE alleges that Petitioner was illegally in the United States. On September 30, 2025, Petitioner was transferred to ICE custody. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Cimmaron Correctional Facility in Cushing, Oklahoma.

Petitioner requested a custody redetermination hearing before an immigration judge while he was detained. On January 22, 2026, an immigration judge found that Petitioner had withdrawn his request for a custody redetermination hearing.

Petitioner subsequently filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner then filed a second request for a custody redetermination hearing. On February 9, 2026, an immigration judge denied Petitioner's request solely on the basis that the immigration court lacked jurisdiction.

On February 25, 2026, Petitioner's applications were denied by an immigration judge and Petitioner was ordered removed to Venezuela. Petitioner appealed the decision to the Board of Immigration Appeals, who overturned the removal order on July 31, 2026, and remanded Petitioner's proceeding to the immigration court.

Petitioner then made a third request for a custody redetermination hearing. On August 5, 2026, an immigration judge denied the request as the immigration court lacked

jurisdiction and that Petitioner was deemed an arriving alien.[1] On September 18, 2026, an immigration judge again ordered Petitioner removed from the country to Venezuela. On October 16, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals. Petitioner's appeal remains pending.

On June 13, 2026, Petitioner filed this action, claiming his detention without a bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution. As relief, Petitioner seeks, in relevant part, release from custody, or, in the alternative, an individualized bond hearing.

## II. <u>Discussion</u>

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within ten (10) days or, in the alternative, for Respondents to release Petitioner from custody. Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claims and request for declaratory judgment.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see*

[1] An immigration judge has not made a finding as to Petitioner's eligibility for release on bond.

*also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)). The Court's previous determinations are in accord with the Tenth Circuit, as well as the vast majority of Circuit Courts, that § 1226(a) governs such detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[3] of the date of this Order.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 13, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

---

[2] Only two circuits – the Fifth and Eighth – have held that the mandatory detention scheme under § 1225(b)(2) governs. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Herrera Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). On October 1, the U.S. Supreme Court granted certiorari in *Barbosa da Cunha v. Freden,* 175 F.4th 61 (2d Cir. 2026) to resolve the circuit split. *See id*., *cert. granted sub nom*. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

[3] *See Quiroz*, 130 F.4th at 1251 n. 13.

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course,

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").